The lease and covenants were executed on the 1st (398) October, 1785; Jones Neale continued in possession of the premises until the 30th April, 1787, when Jones assigns his interest to Neale for the consideration of £ 300. On the 9th August, 1787, Neale assigns the remainder of the term to Richard Ellis for the consideration of £ 400. Richard Ellis and his tenants occupied the premises until the 28th September, 1791, when the buildings on the premises were consumed by fire. The buildings on the first of October, 1785, were of the value of £ 400. Jones Neale agreed and covenanted that those buildings should be left on the land at the expiration of the term, which would end on the first of October, 1792. Jones Neale, by themselves and their assigns, had possession of the premises near six years, and on the 9th August, 1787, had between them received £ 700; and now they say they ought not to rebuild the houses, because they were consumed by fire before the expiration of the term. Where the law creates a duty or charge, and the party is disabled to perform it without any default in him, and has no remedy over, there the law will excuse him; but where the party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity; because he might have provided against it by his own contract. Therefore, if the lessee covenants to repair a house, and it be burned down by lightning, yet he ought to repair it. Alleyne, 27. He must rebuild it. Com. Rep., 632; 2 Durn. East., 550. The leaving the houses on the premises in good tenantable order and repair at the end of the term was all the rent the plaintiff was to have for his term; and therefore Jones Neale, by their covenant, have bound themselves to leave the houses on the premises in such order and repair at the end of the term, under the penalty of double their value. As the lessee has the advantage of casual profits, so he must run the risk of casual losses, and not lay all the burden on the lessors. The houses having been built as a consideration for the term, and burned down before the expiration of the *Page 332 
term, and not rebuilt before the expiration thereof, the plaintiff (399)receives nothing. The case cited from 1 Dall., 2 — 10, for defendants cannot bear upon this case. There it was the opinion of the Court that the rent must be paid, because of the express covenant to pay it; and that the whole burden should not fall on the lessors. The other case from Amb., 619, is where accidents by fire were expressly excepted in the covenants.
Let judgment be rendered for the plaintiffs against the defendants for £ 400, with interest from the 2d October, 1792, until paid.
Cited: Chambers v. North River Line, 179 N.C. 202.